8380.  LEE *v.* CONTINENTAL CASUALTY COMPANY.

1. The provision of section 5197 of the Civil Code of 1910 that the answer to the writ of certiorari "shall not be written or. dictated by either of the parties, or their attorneys, or any other person interested in the case," is mandatory.

2. Where it appeared that the answer of a magistrate, merely adopting the allegations in the petition for certiorari, was prepared by one who had been the petitioner's attorney in the same case and had prepared a previous petition for certiorari therein, of which this petition was a renewal, though, at the time of preparing the answer, he was no longer of counsel and not interested in the result of the case, the trial judge erred in not striking the answer, upon objection thereto.

DECIDED AUGUST 3, 1917.

Certiorari; from Muscogee superior court—Judge Munro. December 23, 1916.

*Ed. Wohlwender,* for plaintiff.  *J. L. Willis,* for defendant.

WADE, C. J.  The bill of exceptions in this case recites the following facts: "The said case coming to be heard as aforesaid, and there being filed on November 29th, 1916, a motion by defendant in certiorari to strike and dismiss the answer filed by H. K. Gammon on September 1st, 1916, he having been the justice of the peace before whom said cause was tried and the verdict returned, and, before passing on said certiorari, his honor Geo. P. Munro heard the following evidence in support of said motion and against the same, which was as follows:  1st.  It was admitted that a prior certiorari was filed in said cause and was dismissed on the 4th day of March, 1916, because the answer of the justice of the peace was not filed at the term of court required by law, and that the petition in this cause was filed on July 18th, 1916, which was

within six months after the dismissal of the former petition. 2d. H. K. Gammon, sworn in behalf of James A. Lee, defendant in certiorari, testified: 'I was the justice of the peace before whom said case was tried, and I did not prepare the answer filed in this cause. When the former petition in this matter was in court I adopted the petition for my answer, but the answer filed herein was prepared by Judge John H. Lewis, and I did not read this petition, but Judge Lewis told me that the petition in this case was the same as the petition in the other case, and I then told him that I would adopt this petition for my answer and for him to prepare it for me, which he did, and I signed the same. I thought Judge Willis prepared my answer, and so told Mr. Wohlwender, but I now remember that Judge Lewis did it. It is true I did not read the petition in this case and I do not know what it contains, but Judge Lewis told me that it was the same as the other petition, which other petition I had read. At the time Judge Lewis wrote my answer he was judge of the municipal court of Columbus and did not have anything to do with the case. Nobody influenced me in making my answer in this case.'

"Judge John H. Lewis, sworn in behalf of plaintiff in certiorari, testified as follows: 'I wrote the answer in this cause and Judge H. K. Gammon requested me to do so. I did not represent either side in the matter at the time, as I had become judge of the municipal court of Columbus and could not practice law. I represented the company in the original suit, and before the jury, and prepared the certiorari that was first filed in this cause, and which certiorari was dismissed after I quit the case, but I did not have anything to do with the present certiorari. I did tell Judge Gammon that the petition in this cause contained the same as the former petition, and he then told me to write the answer as he would adopt the petition as his answer, which he did, and which answer and affidavit I prepared for him. I was not at the time counsel in the case and was not interested in the same one way or another, as I had been paid and other counsel employed.' Judge J. L. Willis, sworn in behalf of plaintiff: 'I never saw the answer of H. K. Gammon in said case until this day. I had nothing to do with making the answer of said justice and never suggested to him how to make it, or what said answer should be.'"

There was a motion to dismiss the answer to the certiorari,

upon the ground that the answer was prepared by the attorney who represented the plaintiff in certiorari (the defendant in the trial court) when the case was tried before the justice of the peace and also before a jury in the justice's court, and who likewise prepared the first petition for certiorari; it being insisted that the said attorney was a party at interest, and therefore disqualified to write the answer or dictate its contents. The motion to dismiss the answer was overruled, and this ruling was excepted to, and also the action of the judge in rendering final judgment for the plaintiff in certiorari. It appears from the record that the allegations in the previous petition for certiorari were identical with those made in the petition under consideraton, and the answer of the magistrate was the same in both instances. The testimony of the learned judge to the effect that he was not engaged in the practice of law at the time he prepared the answer for the magistrate, and was not either of counsel in the case or interested in its results, is unquestioned. It therefore appears that probably no harm resulted to the defendant in certiorari on account of the fact that the answer adopting the last petition was prepared by one who was attorney for the plaintiff in certiorari in the original trial of the case in the justice's court, and in the preparation of a previous petition for certiorari which had been dismissed and of which the last petition was but a renewal. Nevertheless, the provision of the code (Civil Code of 1910, § 5197) that the answer "shall not be written or dictated by either of the parties, or their attorneys, or any other person interested in the cause," is mandatory, and if it were permissible for one formerly connected with a case as counsel for one of the parties to write or dictate the answer of the magistrate to a petition for certiorari therein, even after his connection with the case as counsel had been severed, it is apparent that he might and probably would, without intention perhaps, but subconsciously affected by the conception of the case and of its facts which he had acquired while acting as counsel, present in the answer prepared by him for the magistrate a biased and prejudiced account, instead of the fair and impartial representation contemplated by law.

Even where the answer amounts to no more than an adoption of the allegations in the petition for certiorari, or, going still further, even where an identical former petition (as in this case) has been adopted by the magistrate on his own motion, unaided by

suggestion from any person, and the answer to the second petition for certiorari, which is prepared by one who was counsel for the plaintiff in certiorari in preparation of the original petition, merely itself adopts the allegations in the second and identical petition as true, the partisan view of the former counsel for the plaintiff in certiorari, naturally and properly prejudicing him to some extent in favor of his former client, may influence him, and through him the magistrate whose answer he prepares, in adopting the allegations in the second petition as correct. For it might be that upon examination of the second petition, even' though identical with the first, which he had previously declared set forth the truth as to all occurrences at the trial, the magistrate, if acting alone and uninfluenced by the opinion or suggestion of any other person interested in the case, would determine that he had been in error in adopting the original petition, and on careful scrutiny of the second and identical petition deny the truth of some of the allegations therein made, and thus present a different case for decision in the superior court. We are loath to set aside the judgment of the superior court in this case, under the particular facts appearing, but, the provisions of section 5197 of the Civil Code being mandatory, and this section applying, as we believe, not only to parties or counsel *then* interested in the cause, but to parties and attorneys who have at any time been interested therein, we are constrained to hold that the judge of the superior court erred in declining to strike the answer of the magistrate, and in thereafter rendering final judgment.

*Judgment reversed. George and Luke, JJ., concur.*